1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

RAYMOND R. PERRY,

Case No.  1:13-cv-01029-AWI-SKO

12

      Plaintiff,

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

13

   v.

14

**(Doc. 2)**

15

RESOURCES FOR INDEPENDENCE CENTRAL VALLEY,

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH 30 DAYS LEAVE TO AMEND**

16

17

      Defendant.

**(Doc. 1)**

18

_____/

19

## I.  INTRODUCTION

20

    On July 3, 2013, Plaintiff Raymond R. Perry ("Plaintiff") filed a complaint against

21

Defendant Resources for Independence Central Valley ("Defendant").  (Doc. 1.)  Plaintiff's civil

22

cover sheet indicates that his claim is one for employment discrimination.  For the reasons set

23

forth below, Plaintiff's complaint is DISMISSED without prejudice and with leave to amend.

24

## II.  BACKGROUND

25

    Plaintiff's complaint states that his claim against Defendant is based on racial

26

discrimination, and Plaintiff received a right to sue letter from the Equal Employment

27

Opportunities Commission ("EEOC") on April 4, 2013.  (Doc. 1, ¶¶1-2.)  According to the

28

complaint, Plaintiff was hired in March 2010 as an Independent Living Specialist for Madera

County.  (Doc. 1, ¶ 3.)  Thereafter, in May 2012, Plaintiff claims he went to his supervisor.  (Doc. 1, ¶ 4.)  The remainder of the complaint contains incomplete sentences and the allegations appear unrelated to Plaintiff's employment with Resources for Independence Central Valley.   For example, Plaintiff states that he went to his supervisor and requested "the amount owed by Defendant (City of Fresno) or file a sue [sic] in Federal Court for."  (Doc. 1, ¶ 4.)

## III.   DISCUSSION

**A.      Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED**

Along with the complaint, Plaintiff also filed a motion to proceed without the prepayment of fees.  (Doc. 2.)  Plaintiff's motion to proceed in forma pauperis demonstrates that Plaintiff is entitled to proceed without prepayment of filing fees and is therefore GRANTED.

**B.      Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.     Plaintiff's Complaint Fails to State a Claim**

The Complaint fails to state any facts showing how Plaintiff was discriminated against by Defendant.  Federal Rule of Civil Procedure 8 requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The civil cover sheet appears to indicate that Plaintiff was transferred because he was not bilingual, but the complaint itself is comprised of fragmented sentences and allegations that do not appear logically connected to a claim for racial discrimination.  Without a simple statement of what events occurred that gave rise to Plaintiff's lawsuit, is impossible for the Court to understand how Plaintiff contends he was wronged by Defendant.  The complaint does not, therefore, set forth a cognizable claim.  To the extent that Plaintiff claims that Resources Independence Central Valley somehow unlawfully discriminated against him, Plaintiff should allege a simple statement of facts showing what events occurred and why he is entitled to relief from Defendant.  Fed. R. Civ. P. 8(a)(2).

**D.     Plaintiff Shall File An Amended Complaint**

Accordingly, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint.  If Plaintiff chooses to file an amended complaint, it should contain an explanation of which federal rights or laws were allegedly breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiff's claims.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Rule 220 of the Local Rules of the United States District Court, Eastern District of California.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the

case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

**IV.   CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is DISMISSED without prejudice and with leave to amend; and

2.      Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 6, 2013**                          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

4