# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND R. PERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RESOURCES FOR INDEPENDENCE CENTRAL VALLEY,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:13-cv-01029-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH THE COURT'S AUGUST 7, 2013, ORDER**<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

On July 3, 2013, Plaintiff Raymond R. Perry ("Plaintiff") filed a complaint against Defendant Resources for Independence Central Valley ("Defendant"). (Doc. 1.) Plaintiff's civil cover sheet indicates that his claim is one for employment discrimination. Plaintiff also filed a motion to proceed in forma pauperis on July 5, 2013. On August 7, 2013, Plaintiff's motion to proceed in forma pauperis was granted, and Plaintiff's complaint was dismissed with 30 days leave to amend. Plaintiff has failed to file an amended complaint. For the reasons set forth below, it is RECOMMENDED that this action be dismissed with prejudice.

## II.  DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.  "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, dismissal of Plaintiff's complaint is appropriate.  In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Given Plaintiff's failure to file an amended complaint, the first

factor weighs in favor of dismissing the action.

The second factor, the court's need to manage its docket, also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding." *Lopez v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1838 AWI -JLT, 2010 WL 2629039, at *1 (E.D. Cal. June 25, 2010).

As for the third factor, the risk of prejudice, the fact that a lawsuit is pending against a defendant who has not yet been ordered to respond "is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991. However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642. As such, any risk of prejudice to Defendant also weighs in favor of dismissal.

The fourth factor of public policy favoring disposition on the merits normally weighs against dismissal. *Id.* at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (citation omitted). As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

Regarding the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228. The court must consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," whether there was an "alternative methods of sanctioning or curing the malfeasance before ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal." *Id.* at 1229 (citations omitted). Here, Plaintiff was expressly warned that dismissal would result from his noncompliance with the Court's order. The

Court's August 7, 2013, order stated that "[i]f Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified . . . , the Court will recommend that the complaint be dismissed with prejudice."  (Doc. 3, 4:2-4.)  Further, because Plaintiff is proceeding pro se and *in forma pauperis*, monetary sanctions are not a viable alternative.  (See Docs. 1-2.)  Under these circumstances, there is no alternative to dismissal.

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice for Plaintiff's failure to prosecute and his failure to comply with the Court's August 7, 2013, order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 30, 2013**           **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

4